UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| Heidemarie Smallwood, | Civil Action No. |
| Plaintiff, | |
| – against– | **COMPLAINT** |
| Synchrony Bank, and TransUnion, LLC, | |
| Defendant(s). | |

## COMPLAINT

Plaintiff, Heidemarie Smallwood (hereinafter "Plaintiff"), by and through her attorneys, The Law Offices of Robert S. Gitmeid & Associates, PLLC, by way of Complaint against Defendants, Synchrony Bank, ("Synchrony"), and TransUnion, LLC ("TransUnion") alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices. The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumers' credit information to credit reporting agencies.

## PARTIES

2. Plaintiff, Heidemarie Smallwood, is an adult citizen of Tennessee.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

4. Defendant Synchrony Bank is a corporation organized and existing under the laws of Tennessee that furnishes consumer credit information to consumer reporting agencies.

5. Defendant TransUnion is a limited liability company, doing business throughout the country and in the state of Tennessee. TransUnion is a "consumer reporting agency" as defined in Section 1681a(f) of the FCRA. TransUnion is one of the largest CRAs in the world.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action arise out of 15 U.S.C. § 1681 and 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States District Court, without regard to the amount in controversy.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(1) because all defendants are residents of the state of Tennessee.

## FACTUAL ALLEGATIONS

8. Defendant Synchrony Bank issued an account ending in 6250 to Plaintiff. The account was routinely reported on Plaintiff's consumer credit report.

9. The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

10. On or about July 16, 2019, Plaintiff and Credit Control, LLC on behalf of Synchrony entered into a settlement agreement for the above referenced account. A redacted copy of the settlement agreement is attached hereto as **Exhibit A**.

11. Pursuant to the terms of the settlement, Plaintiff was required to make twenty-four (24) monthly payment totaling $1,892.14 to settle and close her Synchrony account.

12. Plaintiff, via her debt settlement representative, timely made the requisite settlement payments. Redacted proof of these payments are attached hereto as **Exhibit B**.

13. However, over two years later, Plaintiff's Synchrony Bank account continued to be negatively reported.

14. In particular, on a requested credit report dated February 7, 2023, Plaintiff's Synchrony Bank account was reported with a status of "CHARGE OFF", a balance of $4,730.00 and a past due balance of $4,730.00. The relevant portion of Plaintiff's credit report is attached hereto as **Exhibit C**.

15. This trade line was inaccurately reported. As evidenced by the enclosed documents, the account was settled with a $0 balance and must be reported as such.

16. On or about February 16, 2023, Plaintiff, via her attorney at the time, notified TransUnion directly of a dispute with completeness and/or accuracy of the reporting of Plaintiff's Synchrony Bank account. A redacted copy of this letter and the certified mail receipts are attached hereto as **Exhibit D.**

17. Therefore, Plaintiff disputed the accuracy of the derogatory information reported by Synchrony Bank to the Consumer Reporting Agencies, via certified mail in accordance with 15 U.S.C. § 1681i of the FCRA.

18. In March of 2023, Plaintiff requested an updated credit report from Defendant credit reporting agencies. The trade line for the Synchrony Bank account in question remained inaccurate, as Defendants failed to correct the inaccuracy. The March 2023 credit report is attached hereto as **Exhibit E**.

19. TransUnion did not notify Synchrony Bank of the dispute by Plaintiff in accordance with the FCRA, or alternatively, did notify Synchrony Bank and Synchrony Bank failed to properly investigate and delete the trade line or properly update the trade line on Plaintiff's credit reports.

20. If Synchrony Bank did perform a reasonable investigation of Plaintiff's dispute, Plaintiff's Synchrony Bank account would be updated to reflect a settled status with a $0 balance.

21. Synchrony Bank has promised through its subscriber agreements or contracts to accurately update accounts, but Synchrony Bank has nonetheless willfully,

4

maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

22. Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, concerning the account in question, thus violating the FCRA. These violations occurred before, during, and after the dispute process began with TransUnion.

23. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

24. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## **CLAIM FOR RELIEF**

25. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

26. TransUnion is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).

27. Synchrony Bank is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

28. Synchrony Bank is reporting inaccurate credit information concerning Plaintiff to one or more credit bureaus as defined by 15 U.S.C. § 1681a of the FCRA.

29. Plaintiff notified Defendants directly of a dispute on the account's completeness and/or accuracy, as reported.

30. Synchrony Bank failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff and the credit bureaus within the 30-day statutory period as required by 15 U.S.C. § 1681s-2(b).

31. Synchrony Bank failed to update Plaintiff's credit report and/or notify the credit bureaus that the LVNV account in question was disputed in violation of 15 U.S.C. § 1681s-2(b).

32. Synchrony Bank failed to promptly modify the inaccurate information on Plaintiff's credit report in violation of 15 U.S.C. § 1681s-2(b).

33. TransUnion failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes.

34. TransUnion failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b).

35. As a result of the above violations of the FCRA, Plaintiff suffered actual damages in one or more of the following categories: lower credit score, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, rejection of credit card application, higher interest rates on loan offers that would otherwise be affordable, and other damages that may be ascertained at a later date.

36. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

**WHEREFORE**, Plaintiff demands that judgment be entered against Defendants as follows:

1. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

2. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

3. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

4. That the Court grant such other and further relief as may be just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Respectfully Submitted,

**The Law Offices of Robert S. Gitmeid & Associates, PLLC**

/s/ Philip Swan
Philip Swan, Esq. (Bar No. 036221)
11 Broadway, Suite 930
New York, NY 10004
Phillip.S@gitmeidlaw.com
*Counsel for Plaintiff*